■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN CHAMBERS, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 29, 1977, convicting defendant, upon a plea of guilty, to manslaughter in the first degree and sentencing defendant to a term of 4 to 12 years, unanimously modified, on the law, the sentence vacated, the case remanded for resentencing and otherwise affirmed. Defendant was age 16 at the time of plea and sentence making him eligible for youthful offender treatment. The statute requires that the court order a presentence investigation of such a defendant and, at the time sentence is pronounced, determine whether or not the defendant should be adjudicated as a youthful offender, in the exercise of discretion in accordance with the criteria set forth in the statute. (CPL 720.20, subd 1.) The sentencing court did not comply with the statute, but merely denied youthful offender treatment because it was not discussed in conjunction with the plea bargain, and the District Attorney opposed. The sentencing court denied the request for youthful offender treatment without passing upon the merits of the request as directed by the statute. Nor did the court set forth in the record the reasons for imposing a minimum sentence as required by section 70.00 (subd 3, par [b]) of the Penal Law. Accordingly remand for resentencing is required. In remanding we do not pass on the merits as to whether defendant is entitled to youthful offender treatment or whether the sentence was excessive. We remand only because of the failure to comply with the mandate of the statute. Concur—Lupiano, J. P., Birns, Fein, Sandler and Sullivan, JJ.